Rescript Opinions.

DONALD S. SMOOT vs. WASHINGTON NATIONAL INSURANCE COMPANY. December 10, 1971. This is an appeal from a final decree dismissing a bill to compel the defendant (Washington) to issue policies of life and health insurance to the plaintiff. The suit is based on an alleged contract of insurance which arose as a result of certain alleged conduct of one of Washington's general agents. After making detailed and lengthy findings of fact, the judge ruled that no contract of insurance was made between Washington and the plaintiff. Questions of fact, including the credibility of the witnesses, are within the exclusive domain of the judge and will not be set aside unless plainly wrong. *Younker* v. *Pacelli*, 354 Mass. 738, 741. A review of the record in this case indicates beyond any doubt that there was substantial and weighty evidence to support each of the findings made by the judge. The appeal is frivolous.

*Decree affirmed with double costs.*

*David Berman* for the plaintiff.
*Daniel J. Johnedis (William A. Ryan, Jr.,* with him) for the defendant.

PETER CUDDYER vs. CHARLES BITZER, JR. December 30, 1971. This case based on a motor vehicle accident is here on the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. A careful examination of the evidence in the light most favorable to the plaintiff leads us to the conclusion that there is nothing in the case which warranted its submission to the jury. No useful purpose would be served in a detailed recitation of the evidence. There was no error. The plaintiff had no recollection of the accident. All the evidence was adduced from the defendant, the passengers in the defendant's car and the police who came on the scene shortly after the accident. In addition, there were photographs showing the locus, the position of the cars and skid marks. The vehicles were traveling in opposite directions on a thirty-two foot wide roadway about 2 A.M. on Route 28, West Yarmouth. The plaintiff apparently lost control of his car, swerved and skidded onto the defendant's lane of travel when the collision occurred. The skid marks from the plaintiff's automobile leading to the point of collision measured twenty-five feet in his own lane and then 175 feet in the defendant's lane. The mere fact that the defendant's car came to rest within its lane but with the left front wheel in the center of the road is insufficient to present a jury issue as to the defendant's negligence. *O'Connell* v. *Esso Standard Oil Co.* 337 Mass. 639.

*Exceptions overruled.*

*Sheldon J. Cohen* for the plaintiff.
*Paul J. McCawley* for the defendant.